Honorable Leif B. Erickson
Federal Magistrate Judge
Missoula Division
Russell E. Smith Courthouse
203 East Broadway, Room 370
Missoula, MT 59802

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

_____

DAVID M. LEACH and MARY E. LEACH

                                  CAUSE NO. CV-05-140-M-LBE

        Plaintiffs,

    vs.

                                FINDINGS AND RECOMMENDATION
                                OF U.S. MAGISTRATE JUDGE

UNITED STATES OF AMERICA,

        Defendant.

_____

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiffs' Complaint.  Upon consideration of the briefs and materials of record, the Court hereby enters the following:

### RECOMMENDATION

IT IS RECOMMENDED that Defendant United States of America's Motion to Dismiss (dk.# 6) be **GRANTED.**

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on

opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DATED this  5th  day of May, 2006.

/s/ Leif B. Erickson
Leif B. Erickson
United States Magistrate Judge

**RATIONALE**

**I. Background**

On August 23, 2005, David M. Leach and his wife Mary E. Leach ("Leachs") commenced an action in this Court "seeking to recover overpayments of income taxes which they paid in the years of 2001, 2002, and 2004, arising from the disallowance of refunds which the Plaintiffs claim are due them for taxes paid on non-taxable interest received from securities issued by the State of Montana and its subdivisions."[1]  Pl.'s Cmpl., at § 2 (August 23, 2005).  The United States of America ("Government") now moves to dismiss the Leachs' Complaint under Fed. R. Civ. P. 12(b)(6) for

---

[1] David Leach appears before the Court as a *pro se* litigant representing both himself and his wife, Mary.  Under Local Rule 83.15(a), *pro se* litigants "must appear personally and may not delegate that duty to any other person who is not a member of the bar of this Court".  While Mr. Leach indicates he was at one time a licensed and practicing attorney, he is not presently a member of the bar of the State of Montana nor of this Court, consequently, he may only represent himself.  Because the Complaint should be dismissed for failure to state a claim, however, the Court will not otherwise concern itself with this apparent violation of Local Rule 83.15(a).  And, quite frankly, the violation could be readily cured by Mrs. Leach appearing on her own behalf rather than through Mr. Leach.

failure to state a claim upon which relief can be granted.
Def.'s Mot. at 1 (November 16, 2005).

The legal theory behind the Leachs' complaint is that "To
the extent that 26 U.S.C. § 86(b)(2)(B)[2], imposes taxes on tax
exempt interest paid on securities issued by States, and their
political subdivisions, in carrying out their constitutional
measures under provisions of the Tenth Amendment to the
Constitution of the United States of America, said section is
unconstitutional". Pl.'s Cmpl. at § 14.[3]

Section 86 is quite specific as to including tax exempt
income in the term "modified adjusted gross income".  It states

> " For purposes of this subsection, the term 'modified
> adjusted gross income' means 'adjusted gross income--
>        (A)..., and
>        (B) increased by the amount of interest received
> or accrued by the taxpayer during the taxable year
> which is exempt from tax."

26 U.S.C. § 86(b)(2)(B) (2005).

For a couple filing a joint tax return, when their modified
adjusted gross income plus one half of Social Security benefits
exceeds $32,000.00, they are required to report part of their
Social Security benefits as taxable income.  26 U.S.C. §
86(b)(1)(2005).

_____

[2] Hereafter referenced simply as "section 86".

[3] The Tenth Amendment reads as follows: "The powers not
delegated to the United States by the Constitution, nor
prohibited by it to the States, are reserved to the States
respectively, or to the people." U.S. Const. amend. X.

Pg. 3

Pursuant to section 86, in each of calendar years 2001, 2002, and 2004, the Leachs reported income from Social Security benefits and tax-exempt interest from state and municipal bonds on their federal tax returns. Pl.'s Cmpl. at §§ 4, 7, 11.  The addition of income from tax-exempt interest pushed them above the $32,000.00 statutory limit for each of these calendar years, and required them to report a portion of their Social Security benefits as taxable gross income. *Id.* at §§ 5, 8, 12.  By complying with the requirements of 26 U.S.C. § 86(b)(2)(B) (2005), the Leachs overall tax liability was increased in various amounts for each of the reported years over what would have been due had the tax exempt income not been included in the modified adjusted gross income.  Because of this, the Leachs argue, section 86 essentially places a tax on tax-exempt interest from State and municipal bonds and this taxation violates the Tenth Amendment to the United States Constitution. *Id.* at § 14.

## II. Defendant's Motion to Dismiss

The Government argues the Leach's claims "have been decisively rejected by case law".  Defendant's Memorandum in Support of its Motion to Dismiss at 2 (November 16, 2005).  The Government asserts section 86 of the Internal Revenue Code is simply a formula to determine "what portion, if any, of social security benefits to include in taxable gross income." *Id.*  The Government claims section 86 simply includes "tax-exempt interest

in the calculation of modified adjusted gross income for purposes of determining taxation of social security benefits". *Id.* at 10. Consequently, "[s]ection 86 taxes "social security benefits, not tax-exempt interest paid by states or municipalities". *Id.* at 3.

The Government also argues the Tenth Amendment does not raise a bar to the inclusion of tax exempt income in the calculation of modified adjusted gross income under section 86. The Government asserts that "federal case law [makes it] overwhelmingly clear that neither the Tenth Amendment nor the doctrine of intergovernmental tax immunity [serves] to bar indirect and incidental burdens on states of the sort that might arise from the inclusion of tax-exempt interest in the calculation of modified adjusted gross income." *Id*.

## III. Discussion

Under Fed. R. Civ. P. 12(b)(6) a complaint may be dismissed for failure to state a claim only if " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001), *citing Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957).  Furthermore, "[d]ismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Id.*, *citing Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir, 1988).

As the Government notes in its Motion, the legal issues

Order/ Pg. 5

underlying the Leachs' claim have already been decided.  First, the Federal Circuit Court of Appeals has held as a matter of statutory construction that section 86 does not impose a tax on tax exempt interest.  *Boli v. United States*, 831 F.2d 276, 278 (Fed. Cir. 1987).  Instead, section 86 taxes Social Security benefits, and was "designed to tax a portion of Social Security income when the recipient also had substantial income from other sources".  *Boli*, 831 F.2d at 279, *citing* H.R.Conf.Rep. No. 47, 98th Cong., 1st Sess. 122-23, *reprinted in* 1983 U.S.Code Cong. & Admin. News 143, 404, 412-13.

Second, even if section 86 did impose a tax on tax-exempt income, principles of federalism and the Tenth Amendment would not be implicated because "the owners of state bonds have no constitutional entitlement not to pay taxes on income they earn from state bonds".  *South Carolina v. Baker,* 485 U.S. 505, 525, 108 S. Ct. 1355, 1368 (1987).  In *Baker*, the Supreme Court explicitly overruled *Pollock v. Farmers' Loan and Trust Co.*, 157 U.S. 429, 15 S. Ct. 673 (1895), and put to rest the notion that interest from state and municipal bonds was immune from federal taxation on constitutional grounds. *Baker*, 485 U.S. at 524, 108 S. Ct. 1355, 1367.

*Baker* also noted that Tenth Amendment limits on Congress' authority to regulate state activities are "structural, not substantive...States must find their protection from congressional regulation through the national political process,

Order/ Pg. 6

not through judicially defined spheres of unregulable state activity". *Id.*, 485 U.S. at 512, *citing Garcia v. San Antonio Metropolitan Transit Authority*, 469 U.S. 528, 537-554, 105 S. Ct. 1005, 1010-1019 (1985). While the Leachs allege section 86 "prohibit[s] the States from carrying out their constitutional responsibilities and duties", they do not allege section 86 deprives the State of Montana of involvement in the national political process. Pl.'s Cmpl. at § 14. Under no set of facts could the Leachs demonstrate that section 86's requirements have somehow deprived the State of Montana "of any right to participate in the national political process or...singled [it] out in a way that left it politically isolated and powerless". *Baker*, 485 U.S. at 513, *citing United States v. Carolene Products Co.,* 304 U.S. 144, 152, n. 4, 58 S. Ct. 778, 783 n. 4, L. Ed. 1234 (1938).

This is not the first time courts have rejected a Tenth Amendment challenge to section 86. *See Goldin v. Baker*, 809 F.2d 187, 191 (2nd Cir. 1987) ("The...argument that section 86 violates the Tenth Amendment to the United States Constitution merits little discussion"); *Levine v. Commissioner of Internal Revenue*, 64 T.C.M. (CCH) 531, 531 (1992). In light of *Baker* and *Boli,* the Leachs' challenge to section 86 is without legal basis. The Federal Circuit Court of Appeals in *Boli* squarely held that section 86 is not a tax on tax-exempt interest from State and

municipal bonds.  Moreover, the *Baker* court completely eliminated any constitutional ground for a challenge to a federal tax on interest derived from State or municipal bonds.  Since there is no cognizable legal theory to support the Leachs' Complaint, the Government's Motion to Dismiss should be granted.